[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11531
Non-Argument Calendar
_____

D.C. Docket No. 7:02-cr-00033-AKK-JEO-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROOSEVELT MACK,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 30, 2012)

Before TJOFLAT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

In 2004, Roosevelt Mack received concurrent prison sentences of 180

months for conspiracy to distribute cocaine base (Count 1), distribution of cocaine base (Counts 2 and 3), possession with intent to distribute cocaine base (Count 4), and felon in possession of a firearm (Count 5). *See* 21 U.S.C. §§ 846, 841(a)(1) and 18 U.S.C. § 922(g)(1).[1] In 2008, he moved the District Court to reduce his sentences on Counts 1-4 pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines, which altered the cocaine base offense levels in U.S.S.G. § 2D1.1. The court denied his motion because his sentences on those counts were based on a statutory mandatory minimum. *See supra* note 1. He now appeals the court's ruling.

The District Court did not abuse its discretion in denying Mack's motion because Mack was not eligible for any reduction in the Counts 1-4 Sentences since they were based on a statutory mandatory minimum provision, not on the drug quantity table in U.S.S.G. § 2D1.1.[2]

AFFIRMED.

---

[1] Because Mack had at least three prior felony controlled-substance convictions, and was convicted under 18 U.S.C. § 922(g), he qualified as an armed career offender and a career offender under U.S.S.G. §§ 4B1.4 and 4B1.1, respectively. With a criminal history category of VI and an offense level of 35, his guideline sentence range was 292 to 365 months' imprisonment. Pursuant to 21 U.S.C. § 841(b)(1)(A), the minimum term for the Counts 1-4 offenses was life imprisonment, and the guideline range thus became life imprisonment. The District Court departed downward from the prescribed sentence range pursuant to U.S.S.G. § 5K1.1.

[2] And even if Mack were eligible for a reduction of the sentences on Counts 1-4, he would still be left with the Count 5 sentence of 180 months.